UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TAKATA AIRBAG
PRODUCTS LIABILITY LITIGATION                                                            MDL No. 2599

TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in an action (*Dunn*) pending in the Southern District of Florida move under 28 U.S.C. § 1407 to centralize this litigation in that district. The litigation consists of the five actions listed on Schedule A.[1]

All responding parties support centralization, but there is disagreement concerning the choice of an appropriate transferee district. Plaintiffs in more than twenty actions (both constituent and potential tag-along) argue for selection of the Southern District of Florida, but others argue, either in the first instance or in the alternative, in favor of choosing the Central District of California, the Northern District of Georgia, the Eastern District of Louisiana, the Eastern District of Michigan, the Eastern District of New York, the Southern District of New York, the Southern District of Texas, or the Western District of Washington. Responding defendants TK Holdings, Inc., and Highland Industries, Inc. (collectively Takata) and the self-described "Automaker Defendants"[2] support selection of the Western District of Pennsylvania, while defendant FCA US LLC (Chrysler) argues that we should choose the Southern District of New York.

On the basis of the papers filed and the hearing session held, we find that centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions – all of which are putative nationwide class actions – share factual questions arising from allegations that certain Takata-manufactured airbags are defective in that they can violently explode and eject metal debris,

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter. Certain Panel members who could be members of the putative classes in this litigation have renounced their participation in those classes and have participated in this decision.

[1] The Panel has been informed of 67 additional related federal actions. Those actions and any other related federal actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] The Automaker Defendants are American Honda Motor Co., Inc.; BMW of North America, LLC; BMW Manufacturing Co., LLC; Ford Motor Company; Nissan North America, Inc.; Subaru of America, Inc.; Toyota Motor Sales, U.S.A., Inc.; and Toyota Motor Engineering & Manufacturing North America, Inc.

-2-

resulting in injury or even death. Plaintiffs allege that Takata and the various motor vehicle manufacturer defendants became aware of the defect years ago, but concealed their knowledge from safety regulators and the public.³ Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

After weighing all relevant factors, we select the Southern District of Florida as transferee district for this litigation. The litigation is nationwide in scope. The constituent and tag-along actions are pending across the country in more than two dozen districts. Takata and the various motor vehicle manufacturer defendants have offices and other facilities in a number of different states. No one district stands out as the geographic focal point. Especially given the litigation's many moving parts (*e.g.*, multiple defendants, a related grand jury proceeding, and an ongoing investigation by the National Highway Traffic Safety Administration),⁴ selection of an able and experienced jurist to serve as transferee judge is of particular importance. *See In re: Janus Mut. Funds Inv. Litig.*, 310 F. Supp. 2d 1359, 1361 (J.P.M.L. 2004). The Honorable Federico A. Moreno, to whom we assign this litigation, is such a jurist. He has been on the federal bench since 1990, and was a state court judge prior to that. He also is a veteran transferee judge, having previously overseen MDL No. 1334, *In re: Managed Care Litigation*, a complex docket involving numerous health care defendants. As with that MDL, we are confident that Judge Moreno will steer the proceedings here on a prudent course.

---

³ None of the five constituent actions is a personal injury action, but several such actions are potential tag-along actions subject to possible transfer via our conditional transfer order process. *See* Panel Rule 7.1(b). The issue of whether such actions should be included in the MDL was raised during oral argument. All counsel who spoke stated that they favored inclusion.

⁴ In arguing for selection of the Southern District of New York as transferee district, Chrysler cites the Old Carco LLC bankruptcy proceeding pending in the bankruptcy court for that district. Specifically, Chrysler argues that the claims against it are barred by the Sale Order entered by the bankruptcy court, and that centralization in the Southern District of New York would facilitate necessary coordination between the transferee court and the bankruptcy court. We find this argument unpersuasive. Chrysler Group is sued in just a handful of the related actions, and appears to be a minor defendant in this litigation. There is no indication that its role will grow significantly. In any event, the transferee judge and the bankruptcy judge need not sit in the same district to be able to coordinate informally to address any matters arising in the MDL that implicate the bankruptcy proceeding. *See In re: Food Fair Sec. Litig.*, 465 F. Supp. 1301, 1306 (J.P.M.L. 1979).

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida, and, with the consent of that court, assigned to the Honorable Federico A. Moreno for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

IN RE: TAKATA AIRBAG
PRODUCTS LIABILITY LITIGATION                    MDL No. 2599

## SCHEDULE A

<u>Central District of California</u>

TAKEDA, ET AL. v. TAKATA CORPORATION, ET AL., C.A. No. 2:14-08324
ARCHER v. TAKATA CORPORATION, ET AL., C.A. No. 2:14-08447

<u>Southern District of Florida</u>

DUNN, ET AL. v. TAKATA CORPORATION, ET AL., C.A. No. 1:14-24009
BONET, ET AL. v. TAKATA CORPORATION, ET AL., C.A. No. 1:14-24087

<u>Eastern District of Michigan</u>

MORRIS, ET AL. v. TAKATA CORPORATION, ET AL., C.A. No. 2:14-14209